1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES HAUGH,                              )
                                         )
            Plaintiff,                   )
                                         )        CASE NO.  C05-1004RSM
      v.                                 )
                                         )
ALOHA SPORTS, INC., *et al.*,            )        ORDER GRANTING
                                         )        MOTION FOR DEFAULT
            Defendants.                  )        JUDGMENT
_____)

## I.  INTRODUCTION

This matter comes before the Court on plaintiff's Motion for Sanctions By Way of Default

Judgment against individual defendants Terry and Darcy Daw.  (Dkt. #28).  Plaintiff asserts that

defendants obviously and intentionally violated this Court's prior Order granting his motion to

compel and the federal rules of civil procedure governing discovery, and therefore, a sanction in

the form of default judgment is now appropriate.  Defendants have failed to respond to this

motion.  Accordingly, for the reasons set forth below, the Court GRANTS plaintiff's motion.

## II.  DISCUSSION

### A.  Background

This action arises from an employment dispute between plaintiff and defendants.  Plaintiff

initially named Aloha Sports, Inc. ("ASI"), and its majority shareholder and sole remaining

corporate officer, Terry Daw, along with his wife, as defendants to this action.  At all times

relevant to this action, plaintiff was employed by ASI as president and managing director.  ASI

operated the Seattle Bowl, also known as the Oahu Bowl, an NCAA-sanctioned college football

ORDER
PAGE – 1

1    game played in Seattle, WA.

2        Plaintiff entered into an employment agreement with ASI, whereby ASI agreed to pay

3    plaintiff an annual salary of $120,000, plus benefits.  Plaintiff's employment with ASI was "at-

4    will," and he could be terminated with or without cause.  However, if plaintiff was terminated

5    for reasons other than for cause, the agreement provided that he would be provided a severance

6    payment equal to six months salary, plus one additional month for every year of service prior to

7    his termination.

8        Plaintiff asserts that at all times relevant to this action he has rendered his services in good

9    faith and with diligence.  He never resigned or otherwise ceased working for ASI, and

10   defendants agree that ASI has never formally terminated plaintiff's employment.

11       Plaintiff now alleges that ASI has failed to pay him regular wages for work performed

12   from February through July 2002 and from March through May 2003, in a total amount of

13   $85,000, plus benefits from March through May 2003 for $1,000, and accrued but

14   uncompensated vacation in the amount of $5,000.

15       It appears that ASI has ceased doing business.  It lost its lease for its principal premises in

16   Bellevue, WA, and has lost NCAA certification for the Seattle Bowl.  Accordingly, plaintiff

17   asserts that he has been constructively discharged from his employment.  As a result, plaintiff

18   also alleges that he is entitled to severance pay of $70,000, because he was not terminated for

19   cause.

20       Plaintiff brought the instant lawsuit on June 3, 2005.  Both corporate defendant and

21   individually-named defendants were represented by counsel.  However, on January 13, 2006,

22   this Court allowed defense counsel to withdraw.  (Dkt. #9).  At the same time, the Court

23   informed corporate defendant that failure to obtain substitute counsel within ten business days

24   of that Order could result in a default judgment against the corporation, or a dismissal of its

25   counterclaims.  Corporate defendant failed to obtain substitute counsel, and this Court

26   subsequently granted default judgment against it in the amount of $397,136.59.  The Court then

ORDER
PAGE – 2

1    allowed entry and immediate registration of that judgment.  (Dkt. #15).

2        In the meantime, plaintiff had been pursuing discovery with individually-named

3    defendants.  On May 18, 2006, plaintiff filed a motion to compel, asserting that defendants had

4    failed to adequately respond to its requests for production.  (Dkt. #24).  This Court granted the

5    motion, directing defendants to provide complete responses to plaintiff's discovery requests.  In

6    response, defendants apparently produced more than 55,000 pages of documents, well-beyond

7    the scope of the requests for production.  Plaintiff asserts that he explained to defendants that it

8    would take dozens of hours to attempt to identify the actual responsive documents, and asked

9    them to identify, with specificity, the documents responsive to the discovery requests.

10   Defendants did not comply with plaintiff's request.  The instant motion followed.

11       **B.  Sanctions**

12       Plaintiff argues that defendants have intentionally violated Rule 34 of the Federal Rules of

13   Civil Procedure and the prior Order of this Court compelling them to provide complete

14   discovery responses.  (Dkt. #28 at 4-5).  As a result, he asserts that he is entitled to sanctions in

15   the form of default judgment against defendants.  As noted above, defendants have failed to

16   respond to the instant motion.

17       Rule 34 of the Federal Rules of Civil Procedure requires the party producing documents

18   to produce them "as they are kept in the usual course of business or shall organize and label

19   them to correspond with the categories in the request."  Fed. R. Civ. P. 34(b).  This rule was

20   adopted to prevent parties from deliberately mixing critical documents in an attempt to obscure

21   their importance.  Rule 34, Advisory Committee Note (1980 Amendment, Subdivision (b)).

22       Rule 34 clearly prohibits a party from producing a mass of responsive documents in bulk

23   in an attempt to obscure the important responsive documents.  *See Board of Education v.*

24   *Admiral Heating & Ventilating, Inc.*, 104 F.R.D. 23, 36 (N.D. Ill. 1984).  As demonstrated by

25   the evidence presented by plaintiff, it appears that defendants are indeed attempting to do just

26   that.  Defendants fail to assert otherwise.

1      This Court's Local Rules state that "[i]f a party fails to file papers in opposition to a

2  motion, such failure may be considered by the court as an admission that the motion has merit."

3  Local Rule CR 7(b)(2).  Having reviewed the record in this case, the Court finds no reason not

4  to apply this rule.  Plaintiff has provided a sum certain amount in damages, which is adequately

5  supported by the record.  Accordingly, the Court will enter default judgment against defendants

6  in the amount of $419,205.56.

7                                    **III.  CONCLUSION**

8      (1)  Plaintiff's Motion for Sanctions By Way of Default Judgment (Dkt. #28) is

9  GRANTED.

10      (2)  The Clerk SHALL enter default judgment in the amount of $419,205.56 against

11  defendants Terry and Darcy Daw.

12      (3)  This case is now CLOSED.

13      (4)  The Clerk shall direct a copy of this Order to defendants and all counsel of record.

14      DATED this 20th day of July, 2006.

15

16

17                                              RICARDO S. MARTINEZ
                                                UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

ORDER
PAGE – 4